Robertson, J.
It is plain that the plaintiff and defendants are not upon an equal footing as to the items of the plaintiff’s claim, of which evidence is to be introduced. In other words, the defendants are not notified by the complaint what they are to meet on the trial. It is equally plain that the defendants ought to have a right to be informed thereof, either by compelling the plaintiff to *682 make Ms complaint more certain, or by a bill of particulars. I tMnk the 158th section of the Code authorizes the Court to order the latter, and that the remedy is not by a change of the complaint.
Damages by perils of the sea, except as to the number of packages or quantity and nature of the cargo injured, cannot be further particularized; nor do I think the plaintiff entitled to call for the marks of any packages, as there is no evidence there were any. The items of expense for salvage and repairs of the vessel, and unlading and stowage of the merchandise on board, and the expenses of the plaintiff and his servants, in traveling or laboring for the protection of the cargo, are subjects of a bill of particulars, and should be given, so as to enable the defendants to produce evidence to the contrary, if they have it. The object of a bill of particulars is to confine the plaintiff to the items contained in it; it becomes part of the complaint; the preliminary proofs and adjustment of loss do not accomplish the same purpose, motion, therefore, must be granted, under the limitMtion before expressed. The costs of the motion are fixed ■ at seven dollars, to abide the event.